## MORRILL & al. versus DUNN.

On an acknowledgment in writing by a deputy sheriff, that he has money in his hands, arising from a sale of property assigned by the owner to plaintiffs for the benefit of his creditors, and a promise to account to them as such assignees upon certain contingencies, no action is maintainable by the assignees after their fiduciary character has ceased, although the contingencies in the writing have arisen, unless they have some interest in the money, or furnish proof that the suit is prosecuted at the request of the party entitled to it.

On REPORT, RICE, J., presiding.

ASSUMPSIT for money had and received.

After the evidence was introduced, it was agreed by the parties that upon so much as was admissible and upon the facts admitted, the full Court might order a nonsuit if the action was not maintainable, otherwise to stand for trial.

The facts all appear in the opinion of the Court which was drawn up by

SHEPLEY, C. J. — It appears, that Joseph D. Davis and John A. Briggs were partners in trade. That partnership was dissolved by agreement on October 16, 1851, and all the interest of Davis in the property of the partnership was assigned to Briggs; who on October 22, 1851, made an assignment of his own property and of the property of the late firm, to the plaintiffs for the benefit of creditors under the provisions of the statutes respecting such assignments.

A part of the partnership property appears to have been subsequently attached and sold by the defendant, as a deputy of the sheriff, on certain writs against the former partners. By an agreement bearing date on August 28, 1852, he admitted that the sum of $631,48, remained in his hands, and he engaged to account to the plaintiffs as assignees for it at such times as certain suits named should be adjusted and settled.

The plaintiffs having performed their trust as assignees were on their own request discharged by the Judge of Probate, at a Court holden on the third Tuesday of July, 1853. "It is also admitted, that the plaintiffs have no interest in

the suit or in the paper named, direct or indirect." The suit was commenced on March 7, 1854, after they had been discharged as assignees.

They claim to maintain it for the benefit of another, who may have title to the money. The officer does not appear to have any title to it; but he must be careful, that he accounts to the true owner.

Assignees under the Act of 1844, c. 112, and the additional Act of 1849, c. 113, are required to give bond to the Judge of Probate to return an inventory of the property assigned to them and to account to him for its disposition. When they have thus accounted and have been discharged of the trust, any of the property remaining will revert to the assignor or true owner; and their title as assignees and trustees will be extinguished.

As the plaintiffs have no private interest in the money in the hands of the defendant, and as their official character and trust has been determined, without any proof that this suit upon defendant's contract is prosecuted at the request of the party legally entitled to the money, the action cannot be maintained. *Plaintiffs nonsuit.*

*J. Goodenow,* for defendant.

*Morrill & Fessenden, pro sese.*